**IN THE UNITED STATES BANKRUPTCY COURT**
**IN AND FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | ) | |
| JAMES GIST, | ) | Case No. 13-11705 BLS |
| | ) | Chapter 13 |
| Debtor. | ) | |

## CHAPTER 13 PLAN

**NOTICE TO ALL CREDITORS THAT THIS PLAN AND ALL OF ITS PROVISIONS ARE SUBJECT TO DEL. BANKR. L.R. 3023-1**

The future earnings of the debtor are submitted to the supervision and control of the Court and the Debtor's employer shall pay the trustee the sum of $898.00 a month for six (60) months.
From the payment so received, after deduction of allowed Trustee's commission, the Trustee shall make disbursements as follows:

1. Full payment in deferred cash payments of all claims entitled to Priority under 11 U.S.C. Section 507.

   (A)   Debtor's Counsel Fees: $2295.00; Attorney fees to be paid prior to other disbursements.
   (B)   Priority Taxes: 1) City of Philadelphia for 2009-2013 property taxes in the amount of $6345.00 for property located at 2160 Conlyn Street, Philadelphia, PA.
   (C)   Other Priority or Administrative Expenses: N/A.

2. (As applicable-Pro-rata with or subsequent to) dividends to priority creditors, holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

   (A)   Long term or mortgage debt – PRE-PETITION ARREARAGE ONLY, to be paid to Selene Finance for 1st mortgage $40,000.00 (total amount of pre-petition arrears for the real property (11 Winchester Ct, Bear, DE). Debtor shall continue to make regular post-payments directly to Selene Finance beginning August 2013. This Section of the Plan specifically incorporates all of the provisions affecting mortgage claims as set forth in Del. Bankr. L.R. 3023-1(b) and the parties shall be so governed.
   (B)   Long term or mortgage debt – PRE-PETITION ARREARAGE ONLY, to be paid to HFC/Beneficial for 1st mortgage $0.00 (total amount of pre-petition arrears for the real property (2160 Conlyn Ct, Philadelphia, PA). Debtor shall continue to make regular post-payments directly to HFC/Beneficial beginning August 2013. This Section of the Plan specifically incorporates all of the provisions affecting mortgage claims as set forth in Del. Bankr. L.R. 3023-1(b) and the parties shall be so governed.

   (C)   Secured Vehicle debt (910 car claim) – N/A.

IN RE:                            )
JAMES GIST,                       )    Case No. 13-11705 BLS
                                  )    Chapter 13
Debtor.                           )

   (D)   Secured Vehicle debt (910 car claim) – N/A.

   (E)   Other secured debt: N/A.

3.   Surrender-secured collateral to: N/A.

4.  Subsequent to dividends to priority and secured creditors, dividends to allowed non-priority general unsecured creditors shall be distributed as follows:

    General unsecured creditors will be paid (   ) a dividend of 100% of their allowed claim or ($366.00)BIOC or _____Disp. Income x 60 months as calculated under Section 1325(b), or (   ) a pro-rata dividend, if any.

5. (If applicable) The following leases or executor contracts of the debtor will be treated as follows: N/A.

6.  Except for undistributed plan payments held by the Trustee, title to Debtor's property shall revest in the Debtor on confirmation of the Plan. Upon conversion of this case to Chapter 7, or dismissal, the Trustee is authorized to disburse undistributed plan payments to allowed claimants in accordance with the Plan.

7.  Other special provisions of the Plan: N/A.

8.  A proof of claim must be filed in order to share in distributions under the plan. A proof of claim filed by either electronically or as paper. To file an electronic claim, go to the United States Bankruptcy Court, District of Delaware website (http://www.deb.uscourts.gov) and click on the Programs & Services tab, then select Filing a Claim. Click on "Submit Proof of Claim" link and follow the instructions. Once the necessary information is entered, the form with be automatically generated. To obtain a claim form to file a paper claim, go to the United States Bankruptcy Court, District of Delaware website (http:web.deb.uscourts.gov) and click on the Forms tab. Select All Forms from the drop down menu, then select B10-Proof of Claim. Proofs of claim in duplicate shall be delivered or mailed to the United States Bankruptcy Court, Attn: Claims, 824 Market St., 3rd Floor, Wilmington, Delaware 19801. (Copies should be mailed to Nina Pappoulis, Esq., 2072 Limestone Road, Wilmington, DE 19808).

    <u>/s/ James Gist</u>                                <u>6/26/13</u>
    Debtor's Signature                            Date


    <u>/s/ Christina Pappoulis</u>                  <u>6/26/13</u>
    Attorney for Debtor(s)                       Date

**PLAN ANALYSIS**

Debtor: ROLAND KENNEDY, SR.                             Case #: 13-11705 BLS

Prior: Bankruptcy ( )   Chapter 13 ( )          Date:

Estimated length of plan sixty (60) months.     Trustee Use

                                       341 Meeting Date: _____

                                            Continued: _____

                                       Confirmed Date: _____


TOTAL DEBT PROVIDED FOR UNDER THE PLAN AND ADMINISTRATIVE EXPENSES

A. TOTAL PRIORITY CLAIMS (Class One)
   1. Unpaid attorney's fees................................$ 2295.00
   2. Taxes .............................................$ 6345.00
   3. Other .............................................$
B. TOTAL OF PAYMENTS TO CURE DEFAULTS (Class Two)............$40000.00
C. TOTAL OF PAYMENTS ON SECURED CLAIMS (Class Three).........$    0.00
D. TOTAL OF PAYMENTS ON UNSECURED CLAIMS (Class Four)........$  366.00
E. SUBTOTAL .................................................$49006.00
F. TOTAL TRUSTEE'S COMPENSATION (10% of debtor's payments)...$ 4900.60
G. TOTAL DEBT AND ADMINISTRATIVE EXPENSES ...................$53906.60
_____
                    RECONCILIATION WITH CHAPTER 7

H. INTEREST OF CLASS FOUR CREDITORS IF CHAPTER 7 FILED
    1. Value of debtor's interest in non-exempt property ........$
    2. Plus: value of property recoverable under avoiding powers $
    3. Less: estimated chapter 7 administrative expense .........$
    4. Less: amounts payable to priority creditors other than
          costs of administration ............................$
    5. Equals: estimated amount payable to Class 4 creditors
            if Chapter 7 filed (if negative, enter zero) .....$
I. ESTIMATED DIVIDEND FOR CLASS FOUR UNDER CHAPTER 7 ............$
J. ESTIMATED DIVIDEND UNDER PLAN................................$

/s/Christina Pappoulis, Esquire        /s/ James Gist_____
Christina Pappoulis                    Debtor
Attorney for Debtor(s)